IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. RIVERA,                          :
    Plaintiff,                          :
                                        :
v.                                          :        CIVIL ACTION NO. 25-CV-2178
                                        :
DEP. WARDEN GEORGE                          :
ROBERTS, *et al.*,                          :
    Defendants.                         :

<u>MEMORANDUM</u>

**SCHMEHL, J. - /s/ JLS**                                      **MAY 15, 2026**

In this case that was severed from another civil action, Michael A. Rivera, a prisoner currently incarcerated in Delaware, brings civil rights claims against Chester County and fifty-two employees of Chester County Prison in their individual and official capacities. Rivera also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 8.

## I. PROCEDURAL HISTORY

The procedural history of Rivera's case is long. It was originally opened as Civil Action Number 25-333, currently styled *Rivera v. Dr. Kavalack*, in which Rivera alleged both medical claims and various conditions of confinement claims.[1] In an Order filed on April 29, 2025, the Court severed the medical claims in the case from the conditions claims, directed the Clerk of

---

[1] Complicating things further, Rivera filed a pleading styled as an Amended Complaint in No. 25-333 that included subsequent factual allegations but did not include the original allegations or the entirety of Rivera's claims. (*Id*. ECF No. 6.) In a Memorandum and Order filed in that case on April 29, 2025 (*Id*. ECF Nos. 9, 10), the Court construed the pleading to be a supplemental pleading. The medical claims have proceeded to service.

Court to open a new civil action, and directed Rivera to proceed separately on the two groups of claims. To continue with the conditions claims in the newly opened case, Rivera was ordered on May 6, 2025 to pay a separate filing fee or move to proceed *in forma pauperis* accompanied by a copy of his inmate account statement if he could not afford to pay the fee. (ECF No. 5.)

When Rivera failed to pay the fee or seek *in forma pauperis* status, this case was dismissed without prejudice for failure to prosecute on June 30, 2025. (ECF No. 6.) When Rivera submitted a motion to reopen the case on July 21, 2025 (ECF No. 8), the Court granted the request on July 28, 2025 and reopened the case to give him another opportunity to comply with the May 6 Order. (ECF No. 10). While Rivera subsequently provided a copy of his inmate account statement (ECF No. 12) along with another motion to reopen (ECF No. 11), he did not file the required *in forma pauperis* motion. In an Order filed on August 18, 2025 (ECF No. 13), the superfluous motion to reopen was denied as moot and Rivera was given another opportunity to file an *in forma pauperis* motion. The August 18 Order required Rivera, if he sought to pursue his conditions of confinement claims, to file an amended complaint and advised him that the failure to comply with the Order would be understood as his intention to stand on the original Complaint and the Court would enter a final order of dismissal in this case since those claims were dismissed from Civil Action 25-333 in the severance Order. (*Id*.) A subsequent motion for extension of time to file the amended complaint (ECF No. 15) was granted on September 4, 2025. (ECF No. 16.) The September 4 Order also included the warning that if Rivera failed to file any response thereto, the case would be dismissed for failure to prosecute. (*Id*.)

After Rivera filed a submission indicating that he did not receive the Court's prior orders (ECF No. 19), an Order was filed October 30, 2025 (ECF No. 20) containing the caption of both of his cases again directing Rivera to file within thirty day an *in forma pauperis* application or

2

pay the filing fee and file an amended complaint for this case containing his conditions of confinement claims.  (*Id*. ¶¶ 6, 7.)  He was again warned that the failure to comply would lead the Court to conclude that he only sought to proceed on his medical claims.  (*Id*. ¶ 9.)

After an additional motion for extension of time (ECF No. 21) was granted on December 30, 2025 (ECF No. 22), and Rivera failed to comply with its terms, the case was again dismissed for failure to prosecute on February 18, 2026.  (ECF No. 33).  On March 16, 2026, Rivera filed a motion to proceed *in forma pauperis* accompanied by his account statement, finally complying the Court's series of orders to do so.  However, Rivera failed to comply with the requirement that he file an amended complaint to set forth his conditions of confinement claims, leaving the Court to parse through his 103-page original and supplemental pleadings to ferret out his non-medical claims and attempt to determine against which of the 53 defendants those are asserted.  Making the situation worse, Rivera's two-part pleading is highly repetitive, disjointed in its chronology, and spreads his allegations against individual Defendants throughout the pleading rather than asserting in a clear manner what each one of them did to violate his rights.

## II.    STANDARD OF REVIEW AND ANALYSIS

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'").  The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in

regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, a complaint fails to comply with Rule 8(d)(1)'s "simple, concise, and direct" requirement or Rule 8(a)'s "short and plain statement" requirement where, like Rivera's two-part submission, it is overly long, repetitive and confusing.  While *pro se* pleadings are generally afforded leniency and liberal construction, there are limits to a Court's flexibility.  "Judges are not like pigs, hunting for truffles buried in the record." *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024).  District Courts are permitted discretion to dismiss "excessively prolix and overlong complaint[s]," *see Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), particularly because they place an "unjustified burden on the court and the party who must respond to" them, *see Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (*per curiam*) (internal quotations and citation omitted).

As stated, Rivera submitted a supplemental Complaint that, along with the original, repeats allegations, is confused in its chronology, and is at times a minute-by-minute, day-by-day diary of his experiences at CCP.  The combined pleading is 103 pages long, containing 187 numbered paragraphs of allegations and repetitively lists 157 purported claims.  He thus fails to present a short, plain statement of his claims in compliance with Rule 8.  *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (affirming dismissal of portion of complaint that was 240 pages and over 600 paragraphs long); *Huczko*, 810 F. App'x at 83-84 (affirming dismissal of

second amended complaint under Rule 8 where it "spanned 800 numbered paragraphs," contained "an inauspicious seven-page table of contents," and continued to suffer from redundancy and other deficiencies); *Ouaziz v. City of Jersey City*, No. 22-3385, 2023 WL 7001846, at *3 (3d Cir. Oct. 24, 2023) (affirming dismissal of complaint that was 108 pages and 620 separately-numbered paragraphs that were "unnecessarily complicated and verbose" because it violated Rule 8(d)(1) in that it "fail[ed] to provide a clear narrative of either the factual or legal basis for Plaintiff's claims"), *cert. denied* 144 S. Ct. 1462 (2024); *Karupaiyan v. Naganda*, No. 22-2066, 2022 WL 4965379, at *2 (3d Cir. Oct. 4, 2022) (*per curiam*) (affirming dismissal of second amended complaint that consisted of 361 pages and 1458 separately-numbered paragraphs); *Brejcak v. County of Bucks*, No. 03-4688, 2004 WL 377675, at *3 (E.D. Pa. Jan. 28, 2004) ("While there is no precise algorithm that answers at what length a complaint becomes objectionable, it is reasonable to conclude that 216 separate paragraphs are excessive under notice pleading, which the Federal Rules require.").

## III.    CONCLUSION

While demonstrating an interest in pursuing his conditions of confinement claims, Rivera has failed to comply timely with numerous Orders directing him do what is necessary to proceed on those claims.  Since Rivera has now complied with the prior Orders to submit a motion to proceed *in forma pauperis* and provided his account statement, the Court will grant him that relief.  However, his failure to comply with the requirement that he submit an amended complaint containing a short plain statement of his conditions of confinement claims means the case cannot proceed at this stage.  The Court will, however, provide Rivera with one final opportunity to submit a Rule 8-compliant amended complaint if he seeks to proceed.  An appropriate Order will be entered with additional instructions on amendment.  Rivera is again

warned that the failure to comply with the Court's orders will result in a final dismissal of this case.

**BY THE COURT:**

/s/ Jeffery L. Schmehl
**JEFFREY L. SCHMEHL, J.**

6